

Illinois | New Jersey | New York | Ohio | Oregon

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

September 10, 2018

Ditech Financial LLC
P.O. Box 6176
Rapid City, SD 57709-6176

*Sent via Certified Mail return receipt requested [70142120000306674638]*

**In the Matter of:**

Borrower's Name: Dawn Colonni
Property Address: 281 High Street, Mystic, CT 06355
Mortgage Account No.: 38245486

**Re: Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(3) for failure to properly apply accepted payments to principal, interest, escrow or other charges under the terms of the mortgage loan and applicable law;
Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for improperly reversing payments under, and thereby unilaterally and materially breaching, the Loan; and, Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for conversion of funds.**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). Pursuant to 12 C.F.R. § 1024.35(d) and 12 C.F.R. § 1024.35(e)(3)(i)(C), respectively, you must acknowledge receipt of this notice *within five (5) business days* thereof, and advise us of your response *within thirty (30) business days* of receipt thereof.

The written authority of the above-referenced borrower (the "Borrower") for this notice to our law firm is enclosed herewith and incorporated herein by this reference.

**Background Information:**

The above-referenced loan (the "Loan") was included in bankruptcy proceedings filed by the Borrower under Title 11, Chapter 13 of the United States Code, on or about April 21, 2011 in the United States Bankruptcy Court for the District of Connecticut, Hartford Division, Case No. 11-21169 (the "Bankruptcy"). The Borrower and Ditech Financial LLC, formerly Green Tree



Servicing LLC ("Ditech") entered into a "LOAN MODIFICATION AGREEMENT" (the "Modification") with a first modified payment of principal and interest in the amount of 919.45 due on December 1, 2013.

After the effective date and subsequent onboarding of the Modification, the Bankruptcy Plan was never amended, nor was a notice of mortgage payment change filed, so as to account for the lower modified payment. Because of this, between payments made outside of the Bankruptcy Plan and through the Chapter 13 Trustee, the Borrower paid a significant amount ahead of her monthly payment obligations on the Loan as modified by the Modification. Ditech accounted for the Borrower being ahead as surplus excess funds paid to Ditech were applied to the obligation for future payments rather than being directly applied to the outstanding principal loan balance. On numerous occasions, Ditech would inform the Borrower that no payments were due because of the advance payment and that they were still applying funds that they received from the Trustee.

After Ditech onboarded the Modification on or about February 5, 2014, Ditech would routinely keep funds in a suspense account far in excess of the Borrower's monthly payment obligations:

1. On or about May 19, 2014 there was a balance of $2,125.42 and the balance was never lower than the Borrower's monthly obligation until there was a suspense balance of $612.07 on April 23, 2015. In total, twenty-two (22) individual payments were improperly applied to and held in a suspense account for the Loan during this time period.
2. On May 19, 2015, there was a balance of $2,428.20 and the balance was never lower than the Borrower's monthly obligation until there was a suspense balance of $920.07 on March 17, 2017. In total, twenty-five (25) individual payments were improperly applied to and held in a suspense account for the Loan during this time period.

Please note that during these periods, the amount of funds in the suspense balance was often enough to cover multiple monthly payments under the terms of the Loan as modified pursuant to the Modification.

On or about December 29, 2016, the Bankruptcy was dismissed. At the time of the dismissal, the Loan was paid through the February 1, 2017 and due for the March 1, 2017 payment.

On June 19, 2017, the Borrower made her monthly payment for the payment due July 1, 2017, and was current on her obligations under the Loan.

On June 23, 2017, Ditech unilaterally reversed a number of payments totaling $13,601.96 and also having the effect of:

1. Adding $6,950.20 to the principal balance of the Loan; and,

Case 3:19-cv-00071-AVC   Document 1-13   Filed 01/14/19   Page 3 of 6



2. Rendering the Loan due for the March 1, 2017 payment meaning that the Borrower went from current and owing for the August 1, 2017 payment to being due and owing for the March 1, 2017 payment.

Ditech has not provided any transaction history or accounting that can account for where the funds totaling $13,601.96 went. There are no entries on any such history explaining to where these funds were disbursed or applied whether to corporate advances or otherwise. These funds, for lack of a better explanation, simply disappeared.

Despite essentially having $13,601.96 stolen from her, the Borrower acted in good faith and brought and kept the loan current by paying her regular monthly payments coming due and the payment of an additional $6,434.36 to reinstate the loan on or about August 14, 2017.

To date, the Borrower has been offered no proper explanation as to the location of the $13,601.96 that disappeared from the accounting of the Loan.

### Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(3) for failure to properly apply accepted payments to principal, interest, escrow or other charges under the terms of the mortgage loan and applicable law:

12 C.F.R. § 1024.35(b) provides, in relevant part: "For purposes of this section, the term "error" refers to the following categories of covered errors:[…](3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt in violation of 12 CFR 1026.36(c)(1)."

12 C.F.R. § 1026.36(c)(1) provides that:

> (i) *Periodic payments.* No servicer shall fail to credit a periodic payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in paragraph (c)(1)(iii) of this section. A periodic payment, as used in this paragraph (c), is an amount sufficient to cover principal, interest, and escrow (if applicable) for a given billing cycle. A payment qualifies as a periodic payment even if it does not include amounts required to cover late fees, other fees, or non-escrow payments a servicer has advanced on a consumer's behalf.

As outlined, *supra*, on at least forty-seven (47) separate occasions, Ditech failed to credit a payment to the Borrower's Loan account as of the date of receipt, often times maintaining enough funds for extended periods of time sufficient to fulfill obligations for multiple periodic payments. At times Ditech held sufficient funds in suspense to fulfill the Borrower's obligations for eleven (11) months' worth of payments.

PO Box 6031040  
Cleveland, Ohio 44103

DannLaw.com  
[877] 475-8100

3



As such, the Borrower alleges that Ditech's actions, in failing to credit each of the aforementioned forty-seven (47) payments as of the date of receipt, constitute *__forty-seven (47) clear, distinct, and separate errors__* in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(3), one (1) such error for each such payment Ditech failed to properly apply.

**Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for improperly reversing payments under, and thereby unilaterally and materially breaching, the Loan:**

12 C.F.R. § 1024.35(b) provides, in relevant part: "For purposes of this section, the term "error" refers to the following categories of covered errors:[...](11) Any other error relating to the servicing of a borrower's mortgage loan."

As outlined, *supra*, Ditech, without notice, unilaterally reversed On June 23, 2017, Ditech unilaterally reversed a number of payments totaling $13,601.96 and also having the effect of:

1. Adding $6,950.20 to the principal balance of the Loan; and,
2. Rendering the Loan due for the March 1, 2017 payment meaning that the Borrower went from current and owing for the August 1, 2017 payment to being due and owing for the March 1, 2017 payment.

This directly and proximately caused direct harm to the Borrower, not only through the loss of such funds, but through necessitating her payment of $6,434.36 to reinstate the loan on or about August 14, 2017 and through other monthly payments during this time that were already paid, but improperly reversed.

Ditechs's actions in unilaterally committing a material breach of the Loan by reversing such funds unilaterally and without notice despite the Borrower's full performance through such time constitutes *__a clear, distinct, and separate error__* in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(11).

**Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for conversion of funds:**

12 C.F.R. § 1024.35(b) provides, in relevant part: "For purposes of this section, the term "error" refers to the following categories of covered errors:[...](11) Any other error relating to the servicing of a borrower's mortgage loan."

As extensively outlined, *supra*, Ditech has converted $13,601.96 in funds paid by or on behalf of the Borrower has lost the use of and access to these funds.

Ditech has not provided any transaction history or accounting that can account for where the funds totaling $13,601.96 went. There are no entries on any such history explaining to where these funds were disbursed or applied whether to corporate advances or otherwise. These funds, for lack of a better explanation, simply disappeared.



To date, the Borrower has been offered no proper explanation as to the location of the $13,601.96 that disappeared from the accounting of the Loan.

Ditechs's actions converting funds from the Borrower constitutes ***a clear, distinct, and separate error*** in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(11).

**Conclusion and Requested Actions:**

In total, the Borrower hereby asserts that Ditech committed at least ***forty-nine (49) significant errors*** in regards to the Loan.

Please correct these errors as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, **through our firm**, with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

In correcting the error, it is expected that, at a minimum, Ditech will: (1) Immediately refund the converted funds to the Borrower including compensation for the time loss of such coverted funds since April 22, 2017; (2) immediately waive any fees, costs, or charges incurred against the Borrower or the Loan since Ditech wrongfully reversed payments on April 22, 2017 as outlined, *supra*; (3) provide compensation to the Borrower to cover fees and costs incurred in drafting and sending this and other related correspondence; and, (4) abstain from reporting any adverse credit information during the timeframe in which these errors occurred.

Sincerely,

*[signature]*

Whitney E. Kaster, Esq.

Enclosures

cc: Dave Falvey (dave@actionadvocacy.com)



Illinois | Kentucky | Ohio | New Jersey | New York

In the Matter of:
Borrower(s): __Dawn Colonni__

Property Address: __281 High St. Mystic Ct 06355__

Mortgage Loan No.: __3824 5486__

Re:   Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for __DiTech LLC__, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040
Cleveland, OH 44103

Signed: __Dawn Colonni__    Date: __7/9/18__

Print Name: __DAWN COLONNI__

Signed: _____    Date: _____

Print Name: _____

*DannLaw is an Ohio professional corporation*

| | | | |
|---|---|---|---|
| Marc Dann[1] | Daniel Solar[1] | [1] Admitted in Ohio | Mailing address: |
| Emily White[1] | Whitney Kaster[1] | [2] Admitted in Illinois | PO Box 6031040, Cleveland, OH 44115 |
| Brian Flick[1,5] | Bill Behrens[1] | [3] Admitted in New Jersey | |
| Rusty Payton[2] | Donna Kolis[1] | [4] Admitted in New York | Telephone: 216-373-0539 |
| Javier Merino[1,4] | | [5] Admitted in Kentucky | Fax: 216-373-0536 |